---
Whittier *v.* Johnson.
---

## WHITTIER *v.* JOHNSON.

Under the statute (Rev. Stat., ch. 136, sec. 14,) providing that upon the division of fence by fence-viewers, the party making the application shall pay the fence-viewers for their services, and have an action of assumpsit against the other party for the one half, no cause of action for such payment exists until after legal demand made; and a demand prior to payment is insufficient.

A demand, to be legal, must be made after payment, and by the party making the application, or his authorized agent or attorney; and in such a manner that opportunity is given to pay the sum demanded at the time of the demand.

Where, after payment in such a case, the party making it left his claim with a legal firm for collection, who resided several miles from the parties and in a different county, and the attorneys wrote the other party two letters which were received, calling upon him to make the payment to them—*Held*, that such a demand by the attorneys was not a legal one.

ASSUMPSIT, to recover one half the fees of fence-viewers, paid to them by the plaintiff for making division of fence between the parties.

The court ruled that to enable the plaintiff to recover under the statute, he must have demanded the defendant's share of the fees before commencing his suit.

The plaintiff introduced evidence that, after the hearing before the fence-viewers, and before they had drawn up a writing establishing the division and notified it to the parties, the plaintiff requested one of the fence-viewers, if they assigned the whole or part of the expense to be paid by the defendant, to call on the defendant for his part; that the fence-viewers apportioned the expenses equally between the parties, and that afterward the fence-viewer of whom the plaintiff had made the foregoing request left a written copy of the division established, with the defendant, gave him notice of the share of expenses which he was to pay, and asked him to pay his half; that the defendant then said he should pay nothing.

The court ruled that this was not evidence of a legal demand, because the plaintiff had then paid nothing to the fence-viewers, and because the demand was not made in the name and behalf of the plaintiff, nor with any notice that the fence-viewer was authorized to receive the money for the plaintiff.

The plaintiff then introduced evidence that after he had paid their fees to the fence-viewers, and before the suit was brought, he left his demand with Messrs. Pike & Barnard, practicing attorneys at Franklin, in the county of Merrimack, with instructions to collect it; that afterward they wrote two letters to the defendant, calling on him to pay the demand to them; and evidence tending to show that those letters were received by the defendant before the suit was brought.

But the court were of opinion that a request to pay the demand to the plaintiff's attorneys, at Franklin, was not a legal demand under the statute, and so ruled.

There was no other evidence of a demand before the suit was brought.

The parties resided at Orange, in the county of Grafton, and the fence divided was in that town.

The plaintiff excepted to the foregoing rulings, and a verdict having been returned for the defendant, filed this his bill of exceptions, which was allowed.

*Pike & Barnard*, for the plaintiff, to the point that the request made by one of the fence-viewers, coupled with the refusal of the defendant to pay, superseded any further demand, cited *Phelps* v. *Gilchrist*, 28 N. H. (8 Fost.) 266 ; *Payne* v. *Smith*, 12 N. H. 34 ; *Kimball* v. *Bellows*, 13 N. H. 58 ; *Richardson* v. *Leonard*, 10 Pick. 261 ; *Miles* v. *Boyden*, 3 Pick. 213 ; *Shirley* v. *Shattuck*, 4 Cush. 470 ; *Watson* v. *Phenix Bank*, 8 Met. 217.

And to the point that the demand made by the attorneys was sufficient, they cited *White* v. *Hildreth*, 13 N. H. 108 ; *Payne* v. *Smith*, 12 N. H. 34; *Heard* v. *Lodge*, 20 Pick. 53.

*Murray, Flint & Bryant*, and *Hibbard*, for the defendant.

EASTMAN, J. The section of the statute on which this action is founded is as follows : " Each fence-viewer shall be allowed one dollar per day for his services, to be paid by the party making the application, and he shall be entitled to demand and recover the one half thereof of the other party in an action of assumpsit for money paid for his use, unless, in the opinion of the fence-viewers, justice requires a different division of the costs, in which case they may so order." Rev. Stat., ch. 136, sec. 14 ; Comp. Stat., ch. 142, sec. 14.

Were it not for this provision, by which the party applying for the division of the fence is required, in the first instance, to pay the fence-viewers for their services, and then have his action against the other party for his proportion, no action could ordinarily be maintained by the

person applying for the division, for the fence-viewers have not been employed by the other party, nor has any money been paid for him at his request. In many instances the application is made and the fence divided against the wishes of the adjoining owner; and in such cases no promise could be raised by implication, by which he could be charged. Independently of the statute, the action could not be maintained, and consequently a plaintiff must show that he has complied with its requisitions, before he can sustain his suit.

One of the provisions of the statute is, that the money is " to be *paid*" by the applicant. The action given is assumpsit for money " paid." The adjoining owner is under no obligations to pay the applicant until the latter has paid the fence-viewers. No cause of action can exist until then, and any demand by the applicant, before payment to the fence-viewers, is nugatory, for he has no right to call upon the adjoining owner until he has made the payment. The money is not due until then, and it is a familiar principle that a demand for the payment of money before it falls due is, of itself, a mere nullity. This principle is frequently applied in the presentment for payment of bills of exchange and promissory notes. *Leavitt* v. *Simes*, 3 N. H. 14; *Lawrence* v. *Langley*, 14 N. H. 70.

And the action cannot be sustained until a legal demand has been made; *Glidden* v. *Towle*, 31 N. H. (11 Fost.) 147; and no demand is legal until after payment.

The court was therefore correct in ruling that the request made by the fence-viewer of the defendant, to pay the one half of the expenses, before the payment was made by the plaintiff, was not a legal demand; and the argument that the refusal of the defendant to pay the fence-viewer superseded the necessity of a demand, is answered by the fact, that at the time the request was made to pay, no right existed in the plaintiff to make the demand, for he had not then paid the money to the fence-viewers.

But even did the right to make the demand then exist, the argument would be answered by the further fact that the fence-viewer did not disclose to the defendant that he made the demand at the request of the plaintiff. The defendant was not liable to pay the fence-viewers at all, and for aught that appears he had no knowledge that the request was made for the plaintiff, and his refusal might have been upon the valid ground that he was not liable to the fence-viewers. Had the fence-viewer informed the defendant that he asked for the money at the plaintiff's request, this aspect of the question might, perhaps, be changed; but no such information was given, and there is nothing disclosed in the testimony to excuse or supply the want of it. *Phelps* v. *Gilchrist*, 28 N. H. (8 Fost.) 266.

And we think that the demand made by the plaintiff's attorneys was also insufficient. The parties resided in Orange, probably some twenty miles from Franklin where the attorneys resided, and the demand was by letters sent to the defendant, requiring him to pay the money to the attorneys.

In all ordinary cases, when a demand is necessary to be made in order to perfect a cause of action, it must be such that the party upon whom it is made may be able, if he sees fit, to comply with it at once. The person in whom the right to make the demand exists, must be present, either himself or by his agent or attorney, and ready to accept what is called for. *Phelps* v. *Gilchrist*, 28 N. H. (8 Fost.) 266, 277; *Edwards* v. *Yates*, 1 Ryan & Moody 360.

Phillipps, in speaking of a demand for money that had been tendered, says that, in general, a demand conveyed in a letter will not be effectual, as the defendant should have an opportunity of paying the sum demanded at the time of the demand. 2 Phill. Ev. 136.

There are exceptions to the rule. A demand of dower is one; in which case the statute requires the demand to be in writing, and gives one month to comply with it.

Whittier *v.* Johnson.

Rev. Stat., ch. 205, sec. 2. And in case of a demand upon the mortgagee of real estate of the amount due upon his mortgage, reasonable time is given to make out and deliver the account. Rev. Stat., ch. 131, secs. 8, 9. So, also, upon the attachment of real estate in certain cases, or of personal property mortgaged, fifteen days are given after demand, to render an account of the claims upon the property. Rev. Stat., ch. 184, secs. 7, 16 ; Comp. Stat., ch. 195, secs. 8, 9, 18.

And there may be other exceptions ; but the general principle is well established, and is applicable to the present case. The demand upon the defendant should have been made in such a way that he could have had an opportunity of paying the sum demanded at the time of the demand. If the plaintiff could make a valid demand through his attorneys, at Franklin, in the manner set forth in the case, and require the defendant to go there to pay the money, he might, upon the same principle, employ attorneys at a still greater distance, and thus impose upon the defendant a hardship in making the payment, which the Legislature, we think, could not have intended, and which the law does not require.

The exceptions must be overruled, and the

*Judgment affirmed.*